```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

JOHN E. SEARCY, JR.                                      PLAINTIFF

        v.         Civil No. 01-3082

J. ROBERTS, Individually and in his
Official Capacity as an Officer of the
Arkansas State Police; M. YOUNG, Individually
and in his Official Capacity as an Officer
of the Arkansas State Police;                            DEFENDANTS

### MEMORANDUM OPINION

NOW on this 28th day of March 2006, the above referenced matter comes on for this Court's consideration. The Court, being well and sufficiently advised, finds and orders as follows:

1. On September 11, 2001, plaintiff John E. Searcy filed his verified complaint for relief under 42 U.S.C. § 1983 against the following defendants:

    Arkansas State Trooper J. Roberts;

    Arkansas State Trooper M. Young;

    Searcy County Sheriff George Sutterfield; and

    Searcy County, Arkansas.

In that complaint, he alleged violations of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

2. By its Order of November 21, 2002, the Court entered summary judgment in favor of all defendants and dismissed plaintiff's complaint.

3. On September 24, 2003, a panel of the United States Court

of Appeals for the Eighth Circuit affirmed this Court's dismissal of all of plaintiff's claims except his unlawful stop claims against Roberts and Young. As to those claims, the panel reversed and remanded saying it believed " . . . that genuine issues of material fact exist as to whether Officers Roberts and Young had probable cause to believe a traffic violation occurred."

4. Following the Eighth Circuit's remand, on November 21, 2003 plaintiff filed his amended complaint. Therein he asserted, against both Roberts and Young, that they had committed violations of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution on separate occasions when each had stopped him without probable cause, and thereby subjected him to illegal searches and seizures. Defendants answered plaintiff's amended complaint and denied the material allegations contained in it.

5. The parties again filed cross-motions for summary judgment which were summarily denied by this Court's Order of March 17, 2004, wherein the Court expressed its view that there were issues of material fact requiring the attention of a jury.

6. On June 27, 2005, a three judge panel of the Eighth Circuit Court of Appeals again remanded the case to this Court with directions to specifically address the question of qualified immunity as raised by Roberts and Young.

7. Following remand, through its Order of June 27, 2005,

this Court requested briefs by the parties on the issue of qualified immunity. The parties' briefs have been filed and the issue is now ripe for decision.

8. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

F.R.Civ.P. 56(c); *see also* Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); *see also* Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving

party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." <u>Wilson v. Southwestern Bell Tel. Co.</u>, 55 F.3d 399, 405 (8th Cir. 1995).

9. A review of the parties' pleadings; this Court's previous Orders; and the previous orders of the Eighth Circuit Court of Appeals reveals that the following facts exist without substantial dispute:

* On May 10, 1999, Trooper J. Roberts issued Citation No. G772220 to plaintiff John Searcy. This citation charged plaintiff with the offenses of careless and prohibited driving; no driver's license; no proof of insurance; and failure to pay registration.

* Plaintiff was arrested and detained at the Searcy County Detention Center on May 10, 1999. Plaintiff was released on May 11, 1999.

* On August 26, 1999, a trial on the merits was held and plaintiff was found guilty of the offenses of careless and prohibited driving; no driver's license; no proof of insurance; and failure to pay registration.

* The prosecutor ultimately dismissed the offense of careless and prohibited driving; and, the plaintiff unsuccessfully appealed the remaining three convictions to the Circuit Court of Searcy County, Arkansas, the Arkansas Court of Appeals, and the Supreme Court of Arkansas.

* On May 1, 2000, Trooper M. Young issued Citation H241040 to plaintiff. This citation charged plaintiff with the offenses of operating a motor vehicle in an unsafe mechanical condition; no vehicle license; no proof of insurance; and no driver's license.

* Plaintiff was arrested and detained in the Searcy County jail on May 1, 2000. Plaintiff was released on May 3, 2000.

* On May 10, 2000, plaintiff pled guilty to the offenses of no vehicle license; no proof of insurance; and no driver's license. The Prosecutor entered a *nolle prosequi* for the offense of operating a motor vehicle in an unsafe mechanical condition.

10. The plaintiff argues that his Constitutional rights have been violated because both Roberts and Young, on separate occasions, stopped him without probable cause, subjecting him to illegal searches and seizures.

Both defendants argue that they, in fact, had probable cause for the respective stops since, on each occasion, plaintiff's vehicle had expired plates. They, therefore, insist that they are entitled to qualified immunity as to plaintiff's claims against them.

11. According to the United States Supreme Court in <u>Harlow v. Fitzgerald</u>, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." 457 U.S. 800, 818 (1982).

The Eighth Circuit Court of Appeals has stated that the assertion of qualified immunity triggers a three-prong inquiry:

> (1) whether the plaintiffs have asserted a violation of a constitutional or statutory right; (2) if so, whether that right was clearly established at the time of the violation; and (3) whether, given the facts most favorable to the plaintiffs, there are no genuine issues of material fact as to whether a reasonable official would have known that the alleged action violated that right.

Burnham v. Ianni, 119 F.3d 668, 673 -674 (8th Cir. 1997)(en banc).

In its remand order of June 20, 2005, the Eighth Circuit panel stated:

> We note in passing that police officers ordinarily have probable cause to arrest an individual who is driving with expired license plates. In the present case, both officers signed affidavits indicating that the expired plates formed part of the probable cause for the stop and arrest of Mr. Searcy. In both cases Mr. Searcy was convicted of driving with the expired plates. We are confident the District Court will appropriately weight these matters in ruling on the officers' assertion of qualified immunity.

Not surprisingly, Roberts and Young argue that both stops were constitutionally valid, as each stop, was, at least in part, based upon the Troopers' observation of an expired vehicle license plate. *See* the Affidavit of Trooper Jeremy Roberts and the Affidavit of Trooper Max Young, Exhibits A and B to Defendants' Brief.

In response, the plaintiff attempts to discredit the defendants' claim that they observed the expired license plate prior to the traffic stop -- however, he admits both that the

license plate was expired and that the license plate was visible from the outside of the vehicle.

It is clear that "[a]n officer who observes a traffic violation, even a minor one, has probable cause to initiate a traffic stop." U.S. v. Brown, 345 F.3d 574, 578 (8th Cir. 2003). See also U.S. v. Serena, 368 F.3d 1037 (8th Cir. 2004); U.S. v. Peltier, 217 F.3d 608 (8th Cir. 2000).

Here, both Roberts and Young say on oath that they relied, in part, on their observation of an expired vehicle license plate when conducting their respective stops of plaintiff. If that be true, then of course the stops were supported by probable cause and the defendants are entitled to summary judgment based on qualified immunity. The question is whether plaintiff's sworn assertions on this issue are sufficient to raise an issue of material fact which would prevent the entry of summary judgment against him on the qualified immunity ground.

In his response to the motion, plaintiff attempts to discredit the claims of Roberts and Young to the effect that they saw the expired license plate prior to stopping him and/or that the expired license plate was part of the reasons for the respective stops. The discrediting effort is, however, seriously undermined by plaintiff's admission that, in fact, the license plate was expired at the times in question and that it was visible on his vehicle. Moreover, as already noted by both this Court and

the Eighth Circuit Court of Appeals panel, plaintiff was convicted in both cases of driving with the expired license plate.

In light of the foregoing, the Court concludes there is no real material dispute that both Roberts and Young relied, in part, on their observation of an expired vehicle license plate when conducting their respective stops of plaintiff and that, therefore, their respective stops of plaintiff were supported by probable cause. Accordingly, they are each entitled to summary judgment based on qualified immunity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, on their renewed motions for summary judgment based upon qualified immunity, the summary judgment motions of Roberts and Young should be, and hereby are **granted**;

**IT IS FURTHER ORDERED** that plaintiff's complaint be, and it hereby is, **dismissed, with prejudice**; and

**IT IS FURTHER ORDERED** that a Judgment of even date herewith will be entered accordingly.

**IT IS SO ORDERED.**

                                       /S/JIMM LARRY HENDREN
                                       JIMM LARRY HENDREN
                                       UNITED STATES DISTRICT JUDGE